No. 549

INTERSTATE STAGES, INC. v. GOELTZENLEUCHTER

Ohio Appeals, 6th Dist., Williams Co.

No. 157. Decided Feb. 21, 1927

941. PRACTICE & PROCEDURE — Reopening of case to allow plaintiff to show that bus by which she was injured was property of defendant, is within discretion of trial court.

480. EVIDENCE—Burden of Proof—1. In ordinary civil action, the duty does not rest on plaintiff to "satisfy" the jury by a preponderance of the evidence or by any other degree of evidence.

2. Such actions may be determined by the probabilities and it is sufficient if facts appear by a preponderance of the evidence.

First Publication of this Opinion

RICHARDS, J.

Alma Goeltzenleuchter the plaintiff, brought an action against the Interstate Stages, Inc., in the Williams Common Pleas for personal injuries claimed to have been received by her when the Ford coupe in which she was riding was crowded over to the side of the road by the bus of the defendant, so that the coupe tipped over.

Verdict and judgment was in favor of the plaintiff from which defendant company prosecuted error claiming that there was failure of proof that it caused the injury and that the court erred in its charge and in admission of testimony. The Court of Appeals held:

1. The only serious question in this case relates to the proof of ownership of the passenger bus which caused the injury to the plaintiff.

2. The answer admits that on the day in question, the defendant by one of its servants, operated a passenger bus on said road.

3. Although the record does not contain direct evidence, that the bus which caused the injury belonged to defendant, it does show that the busses operated by defendant were blue and white, and this bus was blue and white.

4. The company's busses had printed on their front "Safety Coach" and this bus was so labeled; also defendants busses had the words "Fort Wayne--Toledo", and this bus was so labelled.

5. These circumstances, in connection with the admission of defendant in its answer that its bus was operated on the highway on the day in question, were sufficient to call on defendant for a denial or explanation.

6. Defendant however submitted the case on the evidence introduced by plaintiff and the jury returned a verdict for plaintiff notwithstanding the fact that the trial judge instructed them that "the burden of proof is upon plaintiff to satisfy you by a preponderance of the evidence."

7. The action of the court in re-opening the case to allow plaintiff to show that the bus was the property of the defendant after plaintiff had rested, was wholly within the court's discretion.

Judgment therefore affirmed.

(Williams & Lloyd, JJ., concur.)

Attorneys—Boggs & Doty for Company; Charles E. Scott for Goeltzenleuchter; all of Toledo.